CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| SHERRILL WORTH STOCKTON III, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No: 7:23-cv-00646 |
| NEW YORK LIFE INSURANCE CO., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Sherrill Worth Stockton III's motion for leave to amend his complaint was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on October 10, 2024 recommending that this court grant in part and deny in part Stockton's motion. Dkt. 59. Stockton and Defendant New York Life Insurance Co. ("NYLife") filed cross-objections to the R&R and the matter is now ripe for consideration. Plaintiff's objection is sustained. Defendant's objections are overruled in part and granted in part. The Court accepts in part and adopts the report and recommendation as amended by this opinion and order. Plaintiff is ordered to file his Amended Complaint on the docket with the following the following subparagraphs stricken from Paragraphs 20 and 21 within 5 days: 20(e), 21(l), 21(m), 21(n), and 21(o).

### I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

## II.  DISCUSSION

A. Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

"Under Rule 15 of the Federal Rules of Civil Procedure, a 'court should freely give leave [to amend] when justice so requires.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile….". *Id.* "A proposed amendment is futile when it is clearly insufficient or frivolous on its

face ... [or] if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019).

### B. Analysis

The Parties filed cross-objections to the R&R. Plaintiff's objection to the R&R is sustained, and Defendant's objections are sustained in part and overruled in part.

#### 1. Emotional Distress Damages, Consequential Damages, Attorneys' Fees and Declaratory Judgment

Stockton objects to the R&R's finding that he cannot recover damages for anxiety and severe emotional distress because such damages are not available in a breach of contract action. (Dkt. 62). He argues that he should be permitted to plead emotional distress damages, because, under certain limited circumstances, emotional distress damages are recoverable in a contract action. I agree but for a different reason. An opposition for leave to amend is not the appropriate vehicle to dismiss a request for relief. A motion for leave to amend should be denied where the amendment would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Devil's Advocate, LLC v. Zurich American Ins. Co.,* 666 Fed Appx.256, 267 (4th Cir. 2016). However, requests for relief are *not* subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Facchetti v. Vest*, 2016 WL 3920487, at *1 (W.D. Va. July 18, 2016) ("Rule 12(b)(6) does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety"). Accordingly, Stockton's request for emotional damages would survive a 12(b)(6) motion and should thus be permitted to proceed.

For the same reason, Defendant's objections to the magistrate judge's recommendation that Stockton be permitted to plead a request for consequential damages, attorney's fees and a declaratory judgment are overruled. Like Stockton's prayer for emotional damages,

3

consequential damages, attorney's fees and declaratory judgments[1] are not subject to dismissal under rule 12(b)(6) because they are requests for relief not independent claims. *See Seward v. Kholmuradov*, 2023 WL 6811030, *1 (W.D. Oct. 16, 2023) ("Rule 12(b)(6) does not permit the Court to dismiss a specific remedy sought in a complaint such as a request for attorneys' fees").

2. **Unfair Claim Settlement Practices Act**

NYLife objects to the R&R on the grounds that Stockton's new claim for breach of the implied duty of good faith and fair dealing is precluded by the Unfair Claim Settlement Practices Act, Va. Code § 38.2-510. NY Life argues that Stockton's new claim is really an allegation of "unfair claims handling" governed by Va. Code § 38.2-510, which does not provide a private right of action.[2]

NY Life is correct that Va. Code § 38.2-510 does not provide an independent private right of action. However, numerous federal and state courts have recognized claims for breach of the implied duty of good faith and fair dealing in the context of "unfair claims handling." *E.g. A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 789 F.2d 669, 676 (4th Cir. 1986); *Harris v. USAA Cas. Ins. Co.*, 1994 WL 16040308, *2 (Va. Cir. Ct. Sept. 22, 1994). For example, in *Evans v. GEICO General Ins. Co.*, 2015 WL 137269, at *8–*9 (E.D. Va. Jan. 9, 2015), cited by Defendant, plaintiff alleged that the defendant insurance company failed to settle his insurance claim following a car accident. The court recognized that Va. Code § 38.2-510 did not provide an independent private action and dismissed the claim. However, it permitted plaintiff's claim for

---

[1] Additionally, as Judge Memmer noted, Stockton's requests for attorneys' fees and a declaratory judgment were included in his original Complaint, and thus, are not properly resolved on a motion for leave to amend, which address only the *proposed amendments* to the original complaint and not the original complaint itself. *Cf. Save Our Sound OBX, Inc. v. North Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019).

[2] Notably, this argument was not raised before the magistrate judge.

breach of the implied duty of good faith and fair dealing claim, which was based on GEICO's failure alleged unfair claims handling, to move forward. *Id.*

NY Life's objection also ignores the plain language of the statute which expressly states that the Unfair Settlement Practices Act is not preclusive. Va. Code § 38.2-510 ("[N]othing in this subsection shall impair the right of any person to seek redress at law or equity for any conduct for which action may be brought."). Indeed, the statute contemplates claims like Stockton's. For example, Va. Code § 38.209 allows a court to award attorney's fees and costs in any civil case in which an insurer denies coverage under a policy and is found to have acted in bad faith. *See Styles v. Liberty Mut. Fire Ins. Co.*, 2006 WL 1890104, at *2 (W.D. Va. July 7, 2006).

Given this precedent and the plain language of the statute, NY Life's objection is overruled.

### 3. Post-Suit Conduct

NY Life next objects to the magistrate judge's recommendation to permit Stockton to amend his complaint to include paragraphs 20(e) and 21 (l–p) because they reference "defenses that NYLIC asserted after Plaintiff initiated" the pending suit. I agree with NY Life to the extent Stockton's new allegations are based on NY Life's conduct in this litigation. As NY Life notes, it must be able to defend itself against Stockton's claims, and the Federal Rules of Civil Procedure provide their own sanctions for misconduct in litigation. *E.g.* Fed. R. Civ. P. 11. However, NY Life's objection is overruled to the extent the company seeks to exclude allegations of misconduct related to Stockton's insurance claim merely because it occurred after Stockton filed this suit. Fed. R. Civ. P. 15(d) expressly permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

5

supplemented." Accordingly, Stockton may include paragraphs 21(n) and 21(p) in his amended complaint. He may not include paragraphs 20(e), 21(l), 21(m), 21(n), and 21(o) in his amended complaint as they address NY Life's conduct in the present litigation.

4. **Waiver**

NYLIC also argues that the R&R erred by permitting Stockton to allege that NYLIC "waived the right to conduct any further investigation of the merits of Plaintiff's claim" because this Court decided at summary judgment that "NYLIC did not waive its right to deny Stockton's claim on the grounds that he is not entitled to coverage under the contract." However, NYLIC reads this Court's summary judgment decision too broadly. The Court's ruling was limited to the question before it—did NYLIC waive its right to contest coverage because it improperly rescinded its contract? Dkt. 36 at 11. It did not address Stockton's new legal argument that NYLIC waived its right to "conduct any further investigation of the merits of Plaintiff's claim" and "has also waived the right to contest Plaintiff's evidence of his disability." Dkt. 501-1 ¶ 22. Therefore, NYLIC's objection is overruled.

### III. CONCLUSION

Having conducted a careful de novo review of the Parties' objections, the record and the R&R, I **ORDER** the following:

1. Plaintiff's Objections to the R&R, Dkt. 59, are **SUSTAINED**;

2. Defendant's Objections to the R&R, Dkt. 65, are **SUSTAINED IN PART AND OVERRULED IN PART**;

3. The Magistrate Judge's Report and Recommendation, Dkt. 59, is **ACCEPTED IN PART** and **ADOPTED AS AMENDED BY THIS OPINION**;

6

4. Plaintiff's Motion for Leave to File his Third Amended Complaint is **GRANTED IN PART AND DENIED IN PART.**

        Entered: March 18, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge